522 So.2d 1066 (1988)
Willie T. HERRING and Patricia Herring, Appellants,
v.
FIRST SOUTHERN INSURANCE COMPANY, an Insurance Corporation, and Empire Indemnity Insurance Company, an Insurance Corporation, Appellees.
No. BT-12.
District Court of Appeal of Florida, First District.
April 12, 1988.
*1067 Brent M. Turbow, Jacksonville, for appellants.
L. Jack Gibney of Toole, Bubb & Beale, P.A., Jacksonville, for appellees.
ZEHMER, Judge.
Willie and Patricia Herring appeal a final summary judgment in favor of First Southern Insurance Company and Empire Indemnity Insurance Company granted on the ground that the rental car owned by Alpha Auto Rentals, Inc., the named insured under the automobile liability policies written by these two companies, was not insured at the time of the accident because Alpha failed to comply with insurance policy reporting requirements regarding newly acquired cars. The following facts are not in dispute.
On April 24, 1985, Alpha purchased an automobile for addition to its rental fleet. Alpha did not place this automobile in its rental fleet until sometime in May 1985, after it had obtained the title certificate and license tag. On June 11, 1985, the subject automobile had been rented in the usual course of Alpha's business and was being driven by Martha Delmoral with Alpha's consent. The vehicle collided with a motorcycle operated by Willie Herring and caused Herring substantial injuries. Also on June 11, 1985, after the collision had occurred, Alpha notified First Southern and Empire, its insurers, that it had added the automobile to its rental fleet. Subsequently, Willie and Patricia Herring obtained a judgment against Martha Delmoral and Alpha for damages. When Alpha failed to satisfy the judgment, the Herrings sued First Southern and Empire on the ground that they, as Alpha's insurers, were responsible for the damages assessed against Alpha. First Southern and Empire refused coverage on the ground that the subject automobile was not an insured vehicle, citing Alpha's failure to timely report the addition of this car as required by explicit provisions in the policies.
The insurance policy in question[1] requires Alpha to remit reports within 20 days following the end of each calendar month showing:
a. the number of rental autos at the end of the previous month;
b. rental autos added or deleted during the month, by date, identifying each such auto by motor or serial number and
c. the total number of autos at the end of the month.
Alpha is required to pay a premium that is computed by "multiplying the rate times the number of rental autos developed during the reporting period." The amount of the annual premium is estimated and paid in advance, and retrospectively adjusted based on the monthly reports required by the policy. The policy provides that automobiles acquired after the policy begins are covered only if: "you (Alpha) tell us (the *1068 insurer) on the next report after you acquire it (the automobile) that you want us to insure it for that coverage."
Southern and Empire contend that, for purposes of this policy notice requirement, a vehicle is "acquired" when it is purchased and delivery is taken, and that this was done on April 24, 1985. Therefore, appellees argue, Alpha's failure to report the vehicle on the May 20, 1985 monthly report constituted a failure to comply with the notice provisions of the policy and left the vehicle uninsured at the time of the accident. Appellants, on the other hand, contend that "acquire" should be interpreted to mean the date the vehicle was placed in the rental fleet during May 1985 and that it was not required to be reported until the June 20 report was submitted.
Courts may apply rules of construction to contracts of insurance only when the policy language is indefinite, ambiguous or equivocal. United States Fire Insurance Company v. Morejon, 338 So.2d 223 (Fla. 3d DCA 1976). Ambiguity arises when policy language is capable of more than one reasonable interpretation. Travelers Insurance Company v. C.J. Gayfer's & Co., 366 So.2d 1199, 1202 (Fla. 1st DCA 1979). Where two interpretations of an insurance contract may be fairly made, the interpretation allowing the greater coverage will prevail. 366 So.2d at 1201. The purpose of rules of construction is to determine the parties' intention by considering the contract as a whole, giving effect to the total instrument and its various provisions if reasonably possible. New Amsterdam Casualty Company v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964).
The insurance policies under review provided liability and other coverage for automobiles used in Alpha's rental business. We conclude that the term "acquired," which is not specifically defined in the policies, necessarily means acquired for use in the rental business. Thus, it is ambiguous in that the language can reasonably be interpreted to mean either the date the vehicle was sold and delivered by the seller to Alpha's representative or the date the vehicle was added by Alpha to its rental fleet for use in its rental business. Upon considering the policy as a whole, we conclude that the latter construction is more in keeping with the overall purpose and intent of the parties to provide insurance coverage on vehicles used in the rental fleet, especially in light of the advance payment of premium and retrospective adjustments based on monthly reports submitted after the fact. We hold, therefore, that the term "acquired" as used in the subject policies means the date the automobile is added to the insured's rental fleet. Since Alpha did not add the vehicle to its rental fleet until sometime in May, 1985, the policies did not require notification that the vehicle had been acquired until submission of the report due June 20, 1985.
The final summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Alpha was insured under three separate policies of insurance, all three of which contained substantially similar policy language pertinent to this dispute.