747 So.2d 1040 (2000)
PARADIGM INSURANCE COMPANY, Appellant,
v.
P & C INSURANCE SYSTEMS, INC., Antonio Perez, as parent and legal guardian and next friend of Anthony Perez, a minor, and Pablo Conde, Appellees.
No. 3D99-880.
District Court of Appeal of Florida, Third District.
January 5, 2000.
*1041 Lester & Mitchell and Don H. Lester, Jacksonville; Robert M. Bradley, Jr., Jacksonsville, for appellant.
Daryl L. Merl and Kimberly L. Boldt, Miami; Patrice A. Talisman, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
Paradigm Insurance Company appeals a declaratory judgment entered after bench trial which determined the existence of insurance coverage. We affirm.
Paradigm contends that no claim was actually made against its insureds, P & C Insurance Systems, Inc., and Pablo Conde, during the time Paradigm's claims-made insurance policy was in force. This boiled down to a dispute over whether a letter written by counsel for Antonio Perez was actually received by Paradigm's insureds, P & C and Conde. In our view, the conflicting evidence presented an issue for resolution by the trial court. We reject Paradigm's contention that this issue had to be resolved in Paradigm's favor as a matter of law.
Paradigm argues alternatively that the just-mentioned letter did not amount to a "claim" for purposes of the claims made policy. The policy defines a "claim" to mean a "demand for money or services made by a third party, made in writing against the Insured and actually received by the Insured...." Paradigm contends that Perez' counsel's letter did not amount to a demand for money within the meaning of the insurance policy.
The text of the Perez letter is set out in the margin.[1] We think a statement of a claim of negligence and resulting loss (in this case, a claimed failure of an insurance agency to procure liability insurance), followed by a request "to turn this letter over to your errors and omissions insurance carrier for handling" amounts to a demand for money within the meaning of Paradigm's policy. See Herron v. Schutz Foss Architects, 282 Mont. 94, 935 P.2d 1104 (1997); Rentmeester v. Wisconsin Lawyers Mut. Ins. Co., 164 Wis.2d 1, 473 N.W.2d 160 (Ct.App.1991).
Finally, Paradigm contends that there is no coverage in any event because the relevant claim of negligence was not made until after the claims made insurance policy expired. By way of background, Perez obtained a personal injury judgment *1042 in excess of $2 million against Riviera Rental Apartments. Riviera's primary insurance carrier denied coverage. Perez evidently succeeded to Riviera's rights and Perez' counsel sent the letter, set out in footnote one, advising the insurance agents that they had negligently failed to procure insurance coverage for Riviera. Perez later filed suit against the insurance agents, reiterating this same claim of negligence and another, to be discussed below.
The claim that the insurance agents had negligently failed to procure insurance ultimately became moot. In other litigation between Perez and the primary insurance carrier, the trial court ruled that there was, in fact, primary insurance coverage.
When Perez filed the lawsuit against the insurance agents, Perez included a claimed second act of negligence. Perez alleged that the insurance agents had negligently failed to timely notify Riviera Rental Apartment's excess insurance carrier of the Perez personal injury lawsuit.[2] This claimed act of negligence was not mentioned in the original claim letter sent by Perez' counsel. See footnote one. It was asserted for the first time when Perez filed his lawsuit. The lawsuit was filed four days after the Paradigm insurance policy expired.
Paradigm took the position that the alleged failure of P & C and Conde to timely notify the excess insurance carrier of the underlying Perez lawsuit was a wholly independent act of negligence which did not relate back to the original Perez claim letter. Paradigm reasoned that the original claim of insurance agency negligence was the failure to procure primary insurance coverage, while the later claim of negligence was a wholly different failure of the insurance agency to timely notify the excess insurance carrier.
Under the Paradigm insurance policy, "Claims based upon or arising out of the same act, error or omission or related acts, errors or omissions shall be deemed to be a single claim ...; all such claims shall be deemed to be first made as of the date that the earliest of such Claims was first made." (Emphasis added).
The trial court concluded that the failure to notify the excess insurance carrier was a "related" act for purposes of the Paradigm insurance policy. We agree. Courts have pronounced different analyses in determining what constitutes a "related" act. In Arizona, for example, the Supreme Court determined that for acts to be "related" there must be a causal connection between the acts. See Arizona Property and Cas. Ins. Guar. Fund v. Helme, 153 Ariz. 129, 735 P.2d 451, 457-58 (1987). Under the analysis of the California Supreme Court, however, the question appears to be whether each of the claimed negligent acts contributes to, or causes, the same monetary loss. See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co., 5 Cal.4th 854, 21 Cal.Rptr.2d 691, 855 P.2d 1263, 1272 (1993). If the errors lead to the same injury, under the California analysis, they are "related." See id. Under the analysis of the United States District Court for the Southern District of Florida, acts will not be "related" if they arise out of separate factual circumstances and give rise to separate causes of action. See Kopelowitz v. Home Ins. Co., 977 F.Supp. 1179, 1188 (S.D.Fla.1997).
The initial letter to the insurance agency asserted a claim for the entire $2 million judgment against Riviera Rental Apartments, as to which there was said to be no liability coverage. Subsequently there was an assertion that the same $2 million judgment was unpaid, in whole or in part, because the excess insurance carrier had denied coverage owing to untimely notice of the underlying tort suit. Since the claim from the outset was for the entire $2 million judgment, and both alleged acts of *1043 negligence were said to have caused or contributed to an absence of insurance coverage for the loss, we conclude that the acts are logically "related" for purposes of the notice provision of the policy.
Affirmed.
NOTES
[1] The letter reads in part:

Please be advised that the undersigned law firm represents Mr. Perez in connection with a personal injury claim which he filed and litigated against Riviera Rental Apts. 2 and 3, Inc., d/b/a La Riviera Apts. This litigation resulted in a judgment in excess of $2 million dollars (sic). A copy of the Final Judgment is enclosed for your review.
The President of Riviera Rental Apts. 2 and 3, Inc., Hector Vinas, testified that he purchased insurance from Pablo Cantin [should be Conde] at your agency to cover the loss in question. Unfortunately, the policy which Mr. Cantin procured failed to provide liability insurance for my client[']s loss.
You are kindly requested to turn this letter over to your errors and omissions insurance carrier for handling. You are kindly requested to have your error[s] and omissions carrier contact the undersigned at [its] earliest convenience relative to this matter.
[2] Riviera Rental Apartment's primary insurance policy limit was $1 million. Its excess coverage was $2 million.