[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12029
Non-Argument Calendar
_____

D. C. Docket No. 06-10106-CV-JLK

WESTPORT INSURANCE CORPORATION,

Plaintiff-Counter
Defendant-Appellee,

versus

KEY WEST INSURANCE, INC.

Defendant-Counter
Claimant-Appellant,

KEY WEST PROFESSIONAL PLAZA, INC.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(December 19, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Key West Insurance, Inc., a Florida insurance brokerage group, and its client, Key West Professional Plaza, Inc., appeal the summary judgment entered in favor of Westport Insurance Co. The district court concluded that two claims for coverage under the professional liability insurance policy issued by Westport to Key West Insurance are related under the terms of the policy. We agree and affirm.

## I. BACKGROUND

This controversy concerns two kinds of policies of insurance issued to two insureds. A policy for property and casualty insurance was issued to Key West Professional Plaza in 2004 and renewed in 2005. A second policy for professional liability insurance was issued to Key West Insurance. An error by an agent of Key West Insurance regarding the scope of coverage under the property and casualty policy led to this coverage dispute under the second policy.

The facts are undisputed. In August 2004, an agent of Key West Insurance provided an oral quote and written application to Key West Professional Plaza for property and casualty insurance. The quote and application misstated that the proposed policy insured against wind and hail damage when, in fact, the policy

2

provided no such coverage. A policy was issued to Key West Professional Plaza and was effective from October 21, 2004, to October 21, 2005.

Before the 2004-2005 property and casualty policy expired, Key West Professional Plaza sought to renew its property and casualty insurance coverage. The same agent of Key West Insurance who provided the 2004-2005 quote provided another quote and application to Key West Professional Plaza for the renewal of its policy. Because the agent "copied and pasted" the language from the September 2004 quote and application, the agent again misstated that the property and casualty policy insured against wind and hail damage. The renewal policy was issued and was effective from October 21, 2005, to October 21, 2006.

Westport issued a claims-made professional liability policy to Key West Insurance for the policy period of July 1, 2005 to July 1, 2006. That policy provided coverage to Key West Insurance for losses caused by a "wrongful act" of Key West Insurance arising out of "professional services" rendered to others. The professional liability policy defined "wrongful act" or "wrongful acts" as "any negligent act, error, omission, or 'personal injury' of an insured or any person for whose act the insured is legally liable in rendering services to others. The professional liability policy limited coverage to two million dollars per "claim," but also stated that "[t]wo or more 'claims' arising out of . . . a series of related or

3

continuing 'wrongful acts,' shall be a single 'claim.'"

On September 20–21, 2005, Hurricane Rita caused wind and hail damage to Key West Professional Plaza, and on October 24, 2005, Hurricane Wilma caused wind and hail damage to Key West Professional Plaza. The wind and hail damage to the property of Key West Professional Plaza caused by the two hurricanes is estimated to be over four million dollars. Key West Professional Plaza was unable to recover the full amount of the damage inflicted by the hurricanes because the property and casualty insurance policies did not cover wind and hail damage. Key West Professional Plaza then filed a lawsuit against Key West Insurance in state court for professional malfeasance arising out of the agent's misstatements regarding the coverage obtained for Key West Professional Plaza in both 2004 and 2005. Key West Professional Plaza made a demand for policy limits under the professional liability policy issued by Westport to Key West Insurance.

Westport filed this action for a declaratory judgment. Key West Insurance filed a counterclaim against Westport for breach of contract. Westport moved for summary judgment, and the district court entered a final declaratory judgment in favor of Westport.

## II. STANDARD OF REVIEW

We review the grant of summary judgment by a district court de novo. Twin

4

City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### III. DISCUSSION

The issue presented is whether the misrepresentations of Key West Insurance to Key West Professional Plaza in 2004 and 2005 about the inclusion of wind and hail coverage in the property and casualty insurance policies purchased by Key West Professional Plaza constitute "a series of related or continuing 'wrongful acts,'" and thus, a single claim. We agree with the summary judgment of the district court that the acts of malfeasance of Key West Insurance in 2004 and 2005 were "related." We affirm.

Under our precedent regarding Florida insurance law, the word "related" in a policy of insurance is a "commonly understood term[] in everyday usage . . . defined in the dictionary as meaning a 'logical or causal connection between' two events." Cont. Cas. Co. v. Wendt, 205 F.3d 1258, 1262 (11th Cir. 2000) (quoting Webster's Third New International Dictionary (1981)). "[T]he word 'related' covers a very broad range of connections, both causal and logical." Id. at 1263. Under Florida law, a contract for insurance is "interpreted in accordance with the

5

plain language of the policy, and any ambiguities are liberally construed in favor of the insured and strictly against the insurer as the drafter of the policy." Eagle American Ins. Co. v. Nichols, 814 So. 2d 1083, 1085 (Fla. 4th Dist. Ct. App. 2002). A policy is not ambiguous, however, merely because it requires analysis to interpret it. Id.

Key West Insurance and Key West Professional Plaza contend that separate wrongful acts committed by Key West Insurance in 2004 and 2005 led Key West Professional Plaza to underinsure for wind and hail damage during two different policy periods and caused discrete injuries. Westport responds that the acts of malpractice of Key West Insurance, which involved the same agent repeating the same misrepresentation to the same insured, were both causally and logically related. We agree with Westport.

The district court correctly reasoned that, because the agent of Key West Insurance copied and pasted the language for the 2005 application from the 2004 application, the misrepresentations were causally and logically related. Although two policy periods were involved, the 2005–2006 policy was a renewal of the 2004–2005 policy, and the agent repeated the same misrepresentation about coverage. Because the wrongful acts were "related," they constituted a single claim under the plain terms of the insurance policy.

## IV. CONCLUSION

The summary judgment in favor of Westport is

**AFFIRMED**.